HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MICHAEL KANTOR, an individual; SLM HOLDINGS LIMITED, LLC, a Nevada Limited Liability Company; 3 WISE VENTURES, INC., a Delaware Corporation; CABBAGE TREE INVESTMENTS, LLC,

Plaintiffs,

v.

BIGTIP, INC., a Washington Corporation; WHOTOO, Inc., a Washington Corporation; DEMANDBASE, INC., a California Corporation; GEORGE BREMER, an individual; MATT ROWLEN, an individual; and DOES 1 to 20,

Defendants.

Case No. 2:15-CV-01871-RAJ

ORDER

This matter comes before the Court on Defendant George Bremer's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11. Dkt. ## 40, 41.

## I. BACKGROUND

BigTip, Inc. ("BigTip") was a company created to connect retailers to consumers to sell coupons, similar to the platform of Groupon. Dkt. # 32, ¶ 17 (First Amended Complaint). Plaintiffs met with representatives of BigTip to learn about the company,

and ultimately invested, collectively, $575,000. *Id.* at ¶¶ 17-18. The investments were in the form of convertible notes payable to the Plaintiffs. *Id.* at ¶ 19. BigTip went out of business, and the investors were never paid on the notes.

George Bremer was the Chief Financial Officer of BigTip. *Id.* at ¶ 25. Plaintiffs claim that BigTip officers represented that BigTip owned an extensive email database and that its contents were crucial to the company's success. *Id.* at ¶ 17. Plaintiffs allege that Mr. Bremer and other BigTip officers or directors transferred material assets, including the email database, from BigTip to WhoToo, Inc. ("WhoToo") a new company governed by the same executives with a similar platform to BigTip. *Id.* at ¶¶ 23-26. Later, Plaintiffs claim that Mr. Bremer informed them that BigTip only leased the email database and never actually owned it. *Id.* at ¶ 27.

Plaintiffs brought this litigation against BigTip, WhoToo, Mr. Bremer, and Matt Rowlen for securities violations, fraud, breach of contract, conversion, breach of fiduciary duties, unjust enrichment, fraudulent conveyance, and declaratory judgment. Dkt. # 32 (First Amended Complaint). Mr. Bremer and his attorneys were responsive to the initial and amended complaints, and attempted to cooperate by voluntarily producing early discovery. The parties were not able to come to an agreement whereby Mr. Bremer was dismissed entirely from the lawsuit. In response, Mr. Bremer filed a motion to dismiss all claims as they are brought against him, and filed a motion for sanctions against Plaintiffs. Dkt. ## 40, 41.

## II. DISCUSSION

### A. Motion to Dismiss

1. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not

accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Should a court dismiss claims pursuant to Federal Rule of Civil Procedure 12(b)(6), it should liberally grant leave to amend the pleading "unless it is clear, upon *de novo* review, that the complaint could not be saved by amendment." *In re Northwest Biotherapeutics Inc. Secs. Litig.*, No. C07-1254RAJ, 2008 U.S. Dist. LEXIS 54028, *9 (W.D. Wash. 2008).

2. <u>Violation of Section 10(b) of the 1934 Securities and Exchange Act and SEC Rule 10b-5</u>

To raise a claim for violations of federal securities laws, Plaintiffs must satisfy "the rigorous pleading standards of the Private Securities Litigation Reform Act ("PSLRA"). *In re Northwest Biotherapeutics Inc. Secs. Litig.*, 2008 U.S. Dist. LEXIS 54028, at *6. Specifically, Plaintiffs must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Plaintiffs must also "state with particularity facts giving rise to a strong

inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). As to the latter point, "the inference of scienter must be more than merely 'reasonable' or 'permissible'—it must be cogent and compelling, thus strong in light of other explanations." *Tellabs, Inc.*, 551 U.S. at 324.

To survive a motion to dismiss, Plaintiffs must plead the "basic elements" of the securities fraud allegations, which include: 1) a material misrepresentation, 2) scienter, 3) a connection with the purchase or sale of a security, 4) reliance, 5) economic loss, and 6) loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-342 (2005).

Here, Plaintiffs fail to allege a threshold matter: that Mr. Bremer misrepresented the email database to Plaintiffs. Plaintiffs alleged that they were misled by the statement regarding BigTip's supposed ownership of an email database, but Plaintiffs do not contribute this statement to Mr. Bremer. Instead, Plaintiffs alleged that "Defendant Rowlen . . . and other representatives of BigTip met with [Plaintiffs]. . . . During the pitch, Rolwen's main selling point was that BigTip had sole ownership of at least 100 million email addresses in their database." Dkt. # 32, ¶ 17 (First Amended Complaint). Plaintiffs credit Mr. Bremer with telling them that BigTip did not own the email database. *Id.* at ¶ 27.

Even if Plaintiffs sufficiently alleged that Mr. Bremer misled Plaintiffs with regard to the email database, they did not meet their initial burden to show that Mr. Bremer acted with the requisite scienter. Plaintiffs merely speculated that Mr. Bremer acted with the required state of mind, but they failed to "plead in great detail facts demonstrating, at a minimum, a degree of recklessness that strongly suggests the required degree of intent." *In re Northwest Biotherapeutics Inc. Secs. Litig.*, 2008 U.S. Dist. LEXIS 54028, at *8. Accordingly, the Court **GRANTS** Mr. Bremer's motion as to this claim and grants Plaintiffs leave to amend the pleadings to satisfy the heightened

requirements of the PSLRA.

3. <u>Violation of Section 20(a) of the 1934 Securities and Exchange Act</u>

Section 20(a) of the 1934 Securities and Exchange Act makes controlling persons liable for the violation of the persons controlled. 15 U.S.C. § 78t(a). "To establish 'controlling person' liability, the plaintiff must show that a primary violation was committed and that the defendant 'directly or indirectly' controlled the violator." *Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996). Here, Mr. Bremer's motion to dismiss only contests the securities fraud allegations as against Mr. Bremer, not as they were alleged against the other defendants. Thus, Plaintiffs may move forward on this claim if they properly showed that Mr. Bremer controlled the actions of those who made the misrepresentations.

Whether Mr. Bremer was a controlling person "is an intensely factual question, involving scrutiny of the [D]efendant's participation in the day-to-day affairs of the corporation and the [D]efendant's power to control corporate actions." *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003). "'Control' is defined in the regulations as 'the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.'" *Id.*, *citing* 17 C.F.R. § 230.405. "[G]eneral allegations concerning an individual's title and responsibilities are sufficient at the pleading stage." *Reese v. Malone*, No. C08-1008MJP, 2009 WL 506820, at *9 (W.D. Wash. 2009).

Plaintiffs met their burden at this stage to allege a Section 20(a) claim against Mr. Bremer. Mr. Bremer was the Chief Financial Officer of BigTip and therefore had broad influence over BigTip's actions, and presumably those of its executives, especially in the context of BigTip's finances. Mr. Bremer did not argue that the securities fraud violations are void as to Mr. Rowlen, and as CFO, Mr. Bremer was

likely in the position to assert control over Mr. Rowlen's actions in matters related to potential investors. At this stage in the litigation, Plaintiffs may move forward with this claim against Mr. Bremer. Accordingly, the Court **DENIES** Mr. Bremer's motion to dismiss this claim.

4. Plaintiffs' Fraud Allegation

To establish a common law fraud claim, Plaintiffs must satisfy the following elements: "1) representation of an existing fact; 2) materiality; 3) falsity; 4) the speaker's knowledge of its falsity; 5) intent of the speaker that it should be acted upon by the plaintiff; 6) plaintiffs' ignorance of its falsity; 7) plaintiff's reliance on the trust of the representation; 8) plaintiff's right to rely upon it; and 9) damages suffered by the plaintiff." *BP W. Coast Products, LLC v. Shalabi, No*. C11-1341MJP, 2012 WL 2277843, at *4 (W.D. Wash. 2012).

Federal Rule of Civil Procedure 9(b) raises the standard by which plaintiffs must plead claims sounding in fraud. Rule 9(b) "requires that all averments of fraud must be made with particularity." *Tomek v. Apple Inc*., 636 F. App'x 712, 713 (9th Cir. 2016), *see also* Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotations omitted).

In their First Amended Complaint, Plaintiffs allege a fraud claim against Mr. Rowlen, and they only connect Mr. Bremer to the claim by alleging that Mr. Rowlen's actions were "undertaken on behalf of BigTip and Bremer." Dkt. # 32, ¶ 50. However, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.' . . . In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th

Cir. 2007) (internal citations omitted). Plaintiffs failed to meet their burden under Rule 9(b) by specifically attributing the statement to Mr. Rowen and making only a conclusory allegation that the conduct was undertaken on behalf of Bremer. The Court, therefore, **GRANTS** Mr. Bremer's motion as to this claim and grants Plaintiffs leave to amend to meet their burden under Rule 9(b).

5. Plaintiffs' Conversion Allegation

To allege a claim for conversion, Plaintiffs must show a "willful interference with a chattel without lawful justification, whereby a person entitled to possession of the chattel is deprived of the possession of it. . . . [Plaintiffs] must plead and prove both an ownership interest in the property and either possession or an immediate right to possession at the time of conversion." *Johnson v. Fed. Home Loan Mortg. Corp*., No. C12-1712 TSZ, 2013 U.S. Dist. LEXIS 10485, *27 (W.D. Wash. 2013) (internal citations omitted). Here, Plaintiffs lay claim, as creditors, to BigTip's equipment, inventory, and assets. Dkt. # 32, ¶ 63 (First Amended Complaint), *see also* Dkt. # 54, p. 8-9 (Plaintiffs use the term "creditors" to describe themselves). However, Plaintiffs' investments "were by a convertible note." Dkt. # 32, ¶ 19 (First Amended Complaint). The only thing that is at issue with regard to the conversion claim, then, is this money. Washington courts agree that "money may be the subject of conversion if it was wrongfully received by the party charged with conversion, or [if] such party was under obligation to return the specific money to the party claiming it." *Gremp v. Ramsey*, No. C08-558RSM, 2009 U.S. Dist. LEXIS 2351, *21-22 (W.D. Wash. 2009).

With that said, "[a] fundamental premise of conversion is that the property must have rightfully been in the possession of the owner." *Id.* at *22. Here, Plaintiffs did not own the money because it was the subject of the convertible note, and therefore Plaintiffs failed to show a key element of conversion. *Id.* at *22-23 (finding that "the money that was the subject of the promissory note was never owned by Plaintiffs. Instead, it was money owned by Olympic that Olympic promised to pay Plaintiffs."). To assert this

claim, Plaintiffs must show possession over the money at the time of the alleged conversion. Accordingly, the Court **GRANTS** Mr. Bremer's motion as to this claim and grants Plaintiffs leave to amend.

6. Plaintiffs' Breach of Fiduciary Duty Allegation

Corporate officers or directors owe a fiduciary duty to creditors once the corporation becomes insolvent. *Textron Fin. Corp. v. Underwood (In re Underwood)*, No. 03-004628-W2N, Adv. No. A03-00217-W2N, 2004 Bankr. LEXIS 1461, *12 (E.D. Wash. 2004). "That duty, in essence, is to use the remaining corporate assets for the benefit of creditors." *Id.*

In their First Amended Complaint, Plaintiffs assert that BigTip's assets were transferred to WhoToo. Dkt. #32 ¶¶ 25, 72 (First Amended Complaint). Plaintiffs believe that Mr. Bremer participated in this transfer, and that he personally benefited because WhoToo was partly his creation and he became an executive at the new company. *Id*. However, Plaintiffs allege that these actions occurred during the time of BigTip's operation, not at the time of insolvency. Moreover, Plaintiffs strategically fail to allege any timeframe for the transfer of assets in their response to Mr. Bremer's motion. Dkt. # 54, at p. 9. Although the pleading standard is not heightened for this claim, Plaintiffs must at least distinguish the actions by Mr. Bremer such that any actions that led to a breach of a fiduciary duty necessarily occurred at insolvency, not before. Otherwise, Plaintiffs would circumvent the law in Washington that only recognizes a fiduciary duty owed by officers to creditors at the time of insolvency. Accordingly, the Court **GRANTS** Mr. Bremer's motion to dismiss this claim and grants Plaintiffs leave to amend.

7. Plaintiffs' Unjust Enrichment Allegation

A plaintiff may seek recovery by alleging unjust enrichment where there is no contractual relationship between plaintiff and defendant. *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). Such a claim is based in notions of fairness and justice. *Id.* "Three

elements must be established in order to sustain a claim based on unjust enrichment: a benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Id.*

Plaintiffs admit that no contractual relationship exists between them and Mr. Bremer, but the First Amended Complaint is unclear as to what quasi-contract existed between Plaintiffs and Mr. Bremer. *See Young*, 191 P.3d at 1262 ("In such situations a quasi contract is said to exist between the parties."). Plaintiffs assert that Mr. Bremer breached his fiduciary duty to the creditors "while BigTip was still operating." Dkt. # 32, ¶ 75. However, it was already settled that BigTip's officers did not owe a fiduciary duty to its creditors until insolvency. Furthermore, and maybe more importantly, Plaintiffs have not satisfied even the first element of an unjust enrichment claim because it is not clear that Plaintiffs bestowed a benefit on Mr. Bremer separate from the investment in BigTip. The Court **GRANTS** Mr. Bremer's motion to dismiss this claim and grants Plaintiffs leave to amend.

8. Plaintiffs' Desire Declaratory Judgment

The Declaratory Judgment Act grants federal courts discretion in "a case of actual controversy" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act prevents "avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication." *Brooks Mfg. Co. v. Dis-Tran Wood Prods.*, LLC, No. C11-0309JLR, 2012 U.S. Dist. LEXIS 46518, *13-14 (W.D. Wash. 2012) (internal quotations omitted). "The basic question [in] each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. at *9

(internal quotations omitted).

Plaintiffs seek a "declaration that Defendants reconvey all of BigTip's assets back that are in the hands of others, including but not limited to WhoToo and Demandbase." Dkt. # 32, ¶ 87. The Court sustained one claim alleged against Mr. Bremer—a violation arising from Section 20(a) of the 1934 Securities and Exchange Act. Therefore, the Court finds this is a case of actual controversy, and the Court **DENIES** Mr. Bremer's motion to dismiss this claim.

9. Unopposed Dismissals

Plaintiffs do not oppose, and in fact they request, the dismissal of counts four (breach of contract alleged against Mr. Bremer) and eight (fraudulent conveyance alleged against all defendants). The Court **GRANTS** the requests and dismisses the counts without prejudice.

**B. Motion for Sanctions**

Federal Rule of Civil Procedure 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose. . . . The central purpose of Rule 11 is to deter baseless filing in district court." *Leahy v. Edmonds Sch. Dist.*, NO. C07-1970 RSM, 2009 U.S. Dist. LEXIS 21760, *9-10, 2009 WL 529577 (W.D. Wash. 2009) (internal citations and quotations omitted). Rule 11 ensures that pleadings are legally sound, factually sound, and are not presented for an improper purpose. Fed. R. Civ. P. 11(b)(1)-(3). When analyzing a motion for Rule 11 sanctions, the district courts determine "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Kelter v. Associated Fin. Group, Inc.*, 382 Fed. Appx. 632, 633 (9th Cir. 2010).

Extensive discovery is not underway at this early stage, and Plaintiffs' First Amended Complaint is reasonable in light of the information that was available. This is

especially true considering the Court's ruling did not dismiss every claim, and that Plaintiffs dismissed two claims once they had access to additional information. Even though Mr. Bremer submitted declarations that suggest he was not involved with WhoToo, Plaintiffs obtained information that appeared to say otherwise. The Court does not find Plaintiffs' First Amended Complaint to be frivolous, and **DENIES** Mr. Bremer's motion for Rule 11 sanctions.

**C. Mediation**

Under the Local Rules, the Court may order the parties to engage in mediation. Local Rules W.D. Wash. LCR 39.1(c)(1). The Court encourages the attempts that Mr. Bremer and his counsel have made to efficiently confront the issues at hand in this litigation, and the Court is sympathetic to Mr. Bremer's desire to come to an agreement without incurring unnecessary legal fees and costs. Because of Mr. Bremer's cooperation, the Court is confident that the parties will benefit from mediation. Therefore, the Court orders all parties in this matter to attempt to mediate the dispute in an efficient and expedient fashion.

The Court orders all parties in the matter to file a stipulation selecting a mutually agreed upon mediator no later than September 5, 2016. *See* Local Rules W.D. Wash. LCR 39.1(c)(3). The Court directs the parties to hold a settlement conference by February 6, 2017, and orders the parties to hold their mediation conference with the agreed mediator by March 6, 2017. *See* Local Rules W.D. Wash. LCR 39.1(c)(2). The parties shall engage in orderly discovery exchanges throughout this period to assist in reaching a settlement.

The Court will not automatically stay the pending motion schedule. However, the Court will consider doing so if all the parties in this action stipulate as such.

**III. CONCLUSION**

For all the foregoing reasons, the Court **GRANTS in part and DENIES in part** Mr. Bremer's motion to dismiss. Dkt. # 40. The Court **GRANTS** Mr. Bremer's motion

with regard to Plaintiffs' first, third, fourth, fifth, sixth, and seventh causes of action, which are dismissed without prejudice. The Court **DENIES** Mr. Bremer's motion with regard to Plaintiffs' second and ninth causes of action. The Court further **DISMISSES** Plaintiffs' eighth cause of action without prejudice. The Court grants Plaintiffs leave to amend.

The Court **DENIES** Mr. Bremer's motion for sanctions (Dkt. # 41), and the Court **ORDERS** the parties to engage in mediation pursuant to Local Rule 39.1. The Clerk of Court is directed to notify the parties of the ordered mediation and schedule detailed above.

Dated this 8th day of August, 2016

The Honorable Richard A. Jones
United States District Judge