THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL KANTOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BIG TIP, INC., et al., <br><br> Defendant. | NO. 2:15-cv-01871-RAJ <br><br> ORDER |

This matter comes before the Court on Plaintiffs' motion for leave to amend their First Amended Complaint. Dkt. # 71. Defendants Big Tip, Inc., WhoToo, Inc., Demandbase, Inc., Matthew Rowlen (collectively, "the Rowlen Defendants"), and George Bremer oppose Plaintiffs' motion. *See* Dkts. # 73, 74. For the reasons that follow, the Court **GRANTS** Plaintiffs' motion.

ORDER - 1

## I. BACKGROUND

Plaintiffs initiated this lawsuit in the U.S. District Court for the Central District of California. Dkt. # 1. The case was transferred to this district in October 2015, after which Plaintiffs filed their First Amended Complaint alleging violations of the federal Securities and Exchange Act of 1934, fraud, breach of contract, conversion, breach of fiduciary duties, unjust enrichment, and fraudulent conveyance. *See* Dkts. # 22, 32. On August 8, 2016, this Court dismissed all claims against Bremer without prejudice, except Plaintiffs' claim for control-person liability under Section 20(a) of the Securities and Exchange Act. *See* Dkt. # 59.[1] The Court granted leave to amend the dismissed claims. *Id.* at 12.

Plaintiffs did not serve a second amended complaint on Defendants subsequent to the Court's order. Instead, Plaintiffs waited four months before filing a motion for leave to amend, which included a proposed complaint alleging additional facts and a new cause of action under the Washington State Securities Act (WSSA), RCWA 21.20.010. Defendants oppose Plaintiffs' motion, arguing that the amendment is untimely, will cause them undue prejudice, and that it is futile.

## II. LEGAL STANDARD

A party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

---

[1] Finding that an actual case or controversy existed with respect to Plaintiffs' control-person liability claim, the Court also allowed Plaintiffs' claim for declaratory relief to proceed. Dkt. # 59 at 10.

ORDER - 2

Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Against this extremely liberal standard, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the heavy burden of overcoming this presumption. *Leighton*, 833 F.3d at 187.

**III. DISCUSSION**

A. <u>Plaintiffs' proposed amendment is timely and will not result in undue delay.</u>

Defendants contend that Plaintiffs' motion is impermissibly delayed. Bremer argues that, pursuant to Local Civil Rule 15, Plaintiffs were required to amend their complaint within 14 days of the Court's dismissal order dated August 8, 2016.

ORDER - 3

Plaintiffs counter that LCR 15 applies only "[i]f a motion or stipulation for leave to amend is granted," and not when an amendment is responsive to an order dismissing claims with prejudice and granting leave to amend. Plaintiffs add that their filing complies with the Court's scheduling order, which provided that amended pleadings were due by December 7, 2016.[2] *See* Dkt. # 38.

While it is inadvisable to delay amendment of a pleading for four months after being granted leave to amend, Plaintiffs' amendment is nonetheless timely. The Court did not set a deadline for amendment specific to its dismissal order, which means that the overarching deadline for amended pleadings—December 7—controlled. Plaintiffs met the Court's deadline to amend the dismissed claims.

As to Plaintiffs' new claim, the Rowlen Defendants argue that the delay in amendment, while perhaps technically timely, is "undue" because Plaintiffs knew that a claim under the WSSA was available to them long before they sought to add such a claim to their Complaint. Indeed, it is "[r]elevant to evaluating the delay issue . . . whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking

---

[2] Although it was in effect at the time Plaintiffs filed the motion under consideration, the scheduling order was vacated on March 27, 2017 in light of pending motions still under consideration. Dkt. # 100.

ORDER - 4

amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

Plaintiffs do not claim that they have recently uncovered any new facts that would entitle them to relief under the WSSA. Nor do they explain their choice to reserve a state-law claim until this late date. Plaintiffs' inexplicable delay in bringing its WSSA claim weighs in favor of denying leave to amend. Nevertheless, a finding of undue delay alone "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Whether the amendment will cause Defendants prejudice is the consideration that carries the greatest weight. *Eminence Capital, LLC*, 316 F.3d at 1052.

B. <u>Plaintiffs' amendment will not prejudice Defendants.</u>

The Rowlen Defendants contend that the addition of the WSSA claim prejudices them by requiring them to conduct additional discovery and that "[t]he extra burden and cost alone" make the amendment inappropriate. Dkt. 74 at 6. Plaintiffs counter that no additional discovery is necessary because "the WSSA claim is factually coterminous with the federal securities law claims that have already been alleged in this lawsuit." Dkt. 76 at 4. The Rowlen Defendants offer only a conclusory argument that the potential for an award of attorney's fees "significantly changes the scope of the matter." Dkt. 74 at 6. But even if the Defendants could show that the scope of discovery would increase in any appreciable way, "[a]dditional discovery is rarely, if ever, a reason to deny leave to amend before the proper deadline set by the Court in its scheduling order." *Balvage v. Ryderwood Improvement and Serv. Assoc.*,

ORDER - 5

*Inc.*, No. C09-5409-BHS, 2012 WL 1286017, at *1 (W.D. Wash. Oct. 26, 2012). Furthermore, all deadlines in the case have been vacated, discovery is ongoing, and there is no trial date looming. The addition of a WSSA claim does not appear to prejudice Defendants.

### C. Plaintiffs' WSSA claim is not futile.

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendants argue that Plaintiffs' WSSA claim is futile because it does not meet the pleading standard set out in Federal Rule of Civil Procedure 9(b) for fraud claims. Defendants have collapsed two inquiries into one: (1) whether Plaintiffs have complied with Rule 9; and (2) whether amendment is futile. Only the latter is at issue here. Whether Plaintiffs have complied with Rule 9 is more properly resolved once Plaintiffs' WSSA claim is actually before the Court. Defendants have not demonstrated that a claim under WSSA would not be cognizable under any set of facts. Given the policy heavily favoring amendments, the Court will allow Plaintiffs an opportunity to plead their claim.

## IV. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for leave to amend its First Amended Complaint. Plaintiffs shall file their Second Amended

Complaint with the Court and serve it upon the opposing parties within 10 days of this Order.

Dated this 8th day of June, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge