THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL KANTOR, et al.,

      Plaintiffs,

vs.

BIG TIP, INC., et al.,

      Defendant.

NO. 2:15-cv-01871-RAJ

ORDER

This matter comes before the Court on Defendants WhoToo, Inc. and Matthew Rowlen's motion to compel third party Elisha Gilboa's compliance with a Rule 45 subpoena duces tecum.[1] Dkt. # 86. For the reasons that follow, the Court **DENIES** Defendants' motion.

### I. BACKGROUND

The facts giving rise to this lawsuit are well-known to the parties. After being sued by Plaintiffs Michael Kantor and SLM Holdings Limited, LLC, for a variety of

---

[1] When Defendants filed their motion on March 9, 2017, they requested that the Court compel production from Plaintiffs as well. In the interim, however, Defendants have withdrawn their motion as to Plaintiffs and now move only to compel Elisha Gilboa to produce documents requested in the subpoena at issue here. *See* Dkt. # 103.

ORDER - 1

securities violations and business torts, Defendants countersued SLM for breach of contract, alleging that it failed to pay Defendants $500,000 pursuant to a convertible note purchase agreement. Defs' Am. Ans., Dkt. # 61 at 14. On February 14, 2017, Defendants issued a notice of subpoena to Elisha Gilboa, who Defendants contend is SLM's alter ego and sole member. Defendants requested that Gilboa produce "any and all Documents . . . referring to, regarding or pertaining to any checking, savings, money market, personal, business, custodial, brokerage, trust, investment and other accounts in the name or for the benefit of Elisha Gilboa." Cohen Decl., Dkt. # 87-5, Ex. 5 ¶ 7. Gilboa has not produced the requested documents. As a result, Defendants have moved to compel Gilboa to produce the documents requested in the subpoena. Gilboa opposes Defendants' motion, arguing: (1) the subpoena was not properly served on him; (2) the parties never met and conferred regarding the motion to compel; (3) this Court does not have jurisdiction to enforce the subpoena; (4) the subpoena lists an improper place of compliance; and (5) the subpoena is overbroad.

## II. LEGAL STANDARD

Civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A discovery request need not call for evidence that would be admissible at trial, so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* These general discovery limitations apply with equal force to subpoenas to third parties. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006). Federal Rule of Civil Procedure 45(a)(1)(D) allows a party to issue a

subpoena commanding an individual "to produce documents, electronically stored information, or tangible things" and to "require[] the responding person to permit inspection, copying, testing, or sampling of the materials." If the subpoena commands such production, "then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

### III. DISCUSSION

As a threshold matter, Gilboa contends that Defendants' subpoena is invalid because it was not personally served on him. Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person." Defendants argue that Rule 45 does not require personal service; rather, the party may serve the subpoena via certified mail. District courts are split on whether Rule 45(b)(1) requires personal service of a subpoena or whether delivery via certified mail is sufficient. *See Hall v. Sullivan*, 229 F.R.D. 501, 503–04 (D. Md. 2005) (surveying various district courts' interpretations of Rule 45). This Court agrees with Judge Coughenour, who has previously concluded that "[b]ecause the plain language of Rule 45 does not require personal service, such is not required." *Tubar v. Clift*, No. C05-1154-JCC, 2007 WL 214260, at *5 (Jan. 25, 2007); *but see Chima v. U.S. Dept. of Defense*, 23 Fed. Appx. 721, 724 (9th Cir. 2001) (unpublished decision asserting without explanation that Rule 45 requires personal service for subpoenas). But while Rule 45 may not require personal service, it does require "delivery," and "ensuring such delivery is necessarily a part thereof." *Id.*

Defendants assert that delivery of the subpoena was accomplished here and note that a return receipt with signature was provided to them. Dkt. # 95 at 4. Gilboa does not dispute that the return receipt was provided, but notes that it was not he who signed the receipt because notice of the subpoena was delivered to an address at which he does not reside. Gilboa avers that he lives in Los Angeles. Indeed, the subpoena was delivered to an address in Las Vegas, and the return receipt was signed by a person named Eric Power. Dkt. # 93 at 3. None of the parties have explained to the Court who Power is or whether his signature could fairly be assumed to indicate that the subpoena was delivered to Gilboa.

Defendants argue, however, that Gilboa "clearly has actual notice of the subpoena" since his counsel appeared in this matter on his behalf. Defendants' point is well-taken, but Rule 45 does not require mere notice, it requires *service*. "Rule 45 subpoenas are not sufficiently served whenever there is mere notice to the third party witnesses." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *7 (N.D. Cal. Oct. 5, 2015). While the Court is of the opinion that certified mail may suffice under Rule 45, it does not appear from this record that certified mail to an address at which there is no indication Gilboa resides "reasonably insures actual receipt of the subpoena." *King v. Crown Plastering*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997). The Court therefore declines to enforce the subpoena.

## IV. CONCLUSION

For all the foregoing reasons, the Court **DENIES** Defendants' motion to compel.

Dated this 19th day of June, 2017.

The Honorable Richard A. Jones
United States District Judge