UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL KANTOR, et al.,

    Plaintiffs,

 v.

BIGTIP, INC., et al.,

    Defendants.

CASE NO. C15-1871 MJP

ORDER ON DEMANDBASE, INC.'S MOTION FOR SUMMARY JUDGMENT

The above-entitled Court having received and reviewed:

1. Demandbase, Inc.'s Motion for Summary Judgment (Dkt. No. 139),

2. Plaintiffs' Opposition to Motion for Summary Judgment by Demandbase, Inc. (Dkt. No. 168),

3. Demandbase, Inc.'s Reply in Support of Its Motion for Summary Judgment (Dkt. No. 190),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED; Plaintiffs' claims against Demandbase, Inc. are DISMISSED with prejudice.

This case concerns derivative and individual claims filed by a group of investors against Defendant Matt Rowlen, the CEO/founder of the company Plaintiffs invested in (called BigTip, Inc.); BigTip, Inc. itself; the next company formed by Rowlen (called WhoToo, Inc.); and the company which bought WhoToo, Inc. (Demandbase, Inc.). Demandbase seeks summary judgment of dismissal of all claims against it with prejudice.

**Background**

Demandbase is a California-based corporation which "provides business-to-business marketing and advertising technology that allows businesses to identify other potential businesses to sell to, engage those businesses, and turn that engagement into sales activity." (Dkt. No. 139, Motion at 2.)

In August of 2015, Demandbase acquired WhoToo as a wholly-owned subsidiary in a deal structured as a "reverse triangular merger" – Demandbase formed an "acquisition subsidiary" which it called "WhoToo Merger Sub, Inc." which then merged into WhoToo, which left Demandbase as the sole shareholder and parent company of WhoToo. Both companies were advised by independent legal counsel; the price of the acquisition is disputed (Demandbase says it was approximately $7,430,000 in cash and stock, Plaintiffs say the deal was worth $13 million), but is not a fact material to this motion.

It is undisputed that Demandbase's acquisition of WhoToo occurred four years after Plaintiffs' investment in BigTip and three years after Plaintiffs allege that Rowlen wrongfully transferred BigTip assets to WhoToo. Demandbase claims that a search of the WhoToo files

maintained by Demandbase revealed no "source code" or "platform" from BigTip; only some "small, open source utility programs" with "no marketable or operational value." (Id. at 5-6; Dkt. No. 141, Hanson Decl. at ¶ 3.) Plaintiffs produced no evidence to the contrary.

The company further alleges that the database which BigTip owned (the "Starnium database") was assigned to Rowlen, but never transferred to WhoToo or Demandbase. (Dkt. No. 147, Rowlen Decl. at ¶ 36.) Plaintiffs point to testimony by Rowlen that "[t]he email database that I received for compensation, which then I gave to WhoToo… would have been part of that [transfer to Demandbase]… there wasn't anything carved out that they didn't want." (Dkt. No. 176-2; Rowlen/WhoToo Depo, 51:1-53:12, 58:25-60:2.) Plaintiffs have moved to strike the Rowlen declaration as a "sham affidavit" generated for the sole purpose of contradicting earlier testimony unfavorable to Defendants' position.[1]

## Discussion

Two of Plaintiffs' ten causes of action are not asserted against Demandbase: breach of contract/promissory note and breach of fiduciary duty.

Demandbase is one of the moving parties on the Motion for Judgment on the Pleadings, which the Court has previously ruled upon, and a number of claims against Demandbase have been dismissed pursuant to that motion. (*See* Order on Motions for Judgment on the Pleadings and Summary Judgment; Dkt. No. 219). In the interests of completeness (and to provide further grounds for Demandbase's dismissal from this lawsuit), the Court will proceed to an analysis of Demandbase's substantive dispositive arguments. Demandbase asserts that it can only be found

---

[1] As indicated later in this order, the Court considers the question of the transfer of the Starnium database to Demandbase to be a disputed issue of material fact.

liable on a theory of (1) piercing the corporate veil, (2) successor liability, or (3) as a "transferee" of fraudulently conveyed assets, and challenges each as legally deficient. Plaintiffs conceded at oral argument that they had no grounds to pursue their claims against Demandbase on an "alter ego/corporate disregard" theory. The Court will proceed to an analysis of Plaintiffs' theories of successor liability and fraudulent conveyance.

<u>Successor liability</u>

The circumstances under which the State of Washington recognizes successor liability were outlined in <u>Meisel v. M&N Modern Hydraulic Press Co.</u>, 97 Wn.2d 403 (1982):

1. *<u>An express assumption of liability by the purchaser</u>*

    Plaintiffs have produced no evidence from the merger documents executed by the two companies of any express agreement by Demandbase to assume the liabilities of WhoToo.

2. *<u>The purchaser is a "mere continuation" of the seller</u>*

    Again, Plaintiffs present no proof that this is the case, and do not dispute Demandbase's assertion that the company existed long before it purchased WhoToo.

3. *<u>The transfer of assets is for the purpose of escaping liability</u>*

    Demandbase claims that no assets were transferred from WhoToo – as stated *supra,* the evidence at least creates a disputed issue of material fact in this regard. However, Plaintiffs present no evidence that any assets that might have been transferred were transferred for the purpose of "escaping liability." The merger was effected in August of 2015; this lawsuit was not filed until the following month. Plaintiffs adduce no proof that WhoToo or Rowlen knew that the lawsuit was imminent; given that WhoToo had been created years before the Demandbase merger and had not (as far as the evidence shows)

been subjected to litigation up to that point, Plaintiffs are devoid of even circumstantial proof that the merger was driven by a fear of liability. Their complete lack of proof on the issue of motivation means they have failed to establish this factor.

4. *The purchase is a "de facto merger:"*

Even after posing the question to Plaintiffs in advance of oral argument, the Court remains at a loss to understand why or how a "de facto merger" analysis would be applied to an acquisition which was already explicitly structured as a merger. Plaintiffs' position at oral argument consisted of little more than asserting (without citation to authority) that a *merger* automatically creates successor liability. With no support for this argument provided in statutory or case law, and no provision cited from the merger documents expressly assuming liability, the Court rejects Plaintiffs' invitation to analyze this actual merger as a *de facto* merger.

Plaintiffs have not succeeded in making a case for successor liability on the part of Demandbase under any of the factors considered in the Washington courts.

Fraudulent conveyance

Under the Washington Uniform Fraudulent Transfer Act ("UFTA"),

> A fraudulent transfer occurs where one entity transfers an asset to another entity, with the effect of placing the asset out of the reach of a creditor, with either the intent to delay or hinder the creditor or with the effect of insolvency on the part of the transferring entity.

Thompson v. Hanson, 168 Wn.2d 738, 744 (2009); RCW 19.40.041(a)(1), (2). The right of action exists against the first transferee involved in a fraudulent transfer. RCW 19.40.081(b)(1).

Demandbase first argues that there was no transfer of assets. As described *supra,* Rowlen's deposition testimony directly contradicts that assertion; there is at minimum a disputed issue of material fact on that issue.[2]

However, "[a] transfer or obligation is not voidable under RCW 19.40.041(1) or 19.40.051(1) … against any subsequent transferee or obligee." RCW 19.40.081(1). Demandbase takes the position that, assuming that any assets were transferred, they went from BigTip to Rowlen and from Rowlen to WhoToo, therefore it is a "subsequent transferee" and not liable under the UFTA.

Plaintiffs argue that, once the Court has pierced the corporate veil and disregarded the corporate forms of BigTip and WhoToo (which, they maintain, are mere alter egos of Rowlen), Demandbase is in fact the "initial transferee" of the subject assets. *See* Schechter v. 5841 Bldg. Corp. (In re Hansen), 341 B.R. 638, 643 (2006). The Court has analyzed the "alter ego" portion of this argument in its previous Order on Motions for Judgment on the Pleadings and Summary Judgment. (Dkt. No. 219 at 15-17.) That analysis is incorporated here by reference, and the Court will simply reiterate its finding that, while BigTip was clearly an alter ego of Rowlen, the evidence does not support a similar finding for WhoToo. On that basis, WhoToo is the "initial transferee" of any assets from BigTip/Rowlen, and Demandbase is insulated from fraudulent conveyance liability as a "subsequent transferee."

Remaining claims

There appeared to be some confusion in the briefing as to whether this motion encompassed all of the claims filed against Demandbase; specifically, the claim regarding unjust

---

[2] To the extent that Rowlen's declaration attempts to "rehabilitate" or re-write his previous testimony that he transferred assets from BigTip to himself which were then transferred to WhoToo and later transferred to Demandbase, the Court grants Plaintiffs' motion to strike the declaration as a "sham affidavit." Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th C. 1991).

enrichment (Seventh Cause of Action) and the request for a declaratory judgment (Tenth Cause of Action). To be clear: there is no question in the Court's mind that Plaintiffs' failure of proof extends to these remaining causes of action.

The claim for unjust enrichment is based solely on the allegations that:

> Defendants Rowlen and Bremer moved all or some of BigTip's source code and the platform that had been built for BigTip and transferring same to WhoToo without any authorization of the investors to the harm of the investors. Rowlen and Bremer also conceived of WhoToo and began working on WhoToo while BigTip was still operating and during the time they had fiduciary duties to the investors of BigTip.

Dkt. No. 104, Second Amended Complaint, ¶ 75 at 12. Plaintiffs have produced no evidence that any of the assets which may have been conveyed to Demandbase in the merger consist of "BigTip's source code and the platform that had been built for BigTip." Whether Rowlen (former CFO Bremer has been dismissed from the lawsuit) "conceived of WhoToo and began working on WhoToo while BigTip was still operating" is a question of liability unique to Rowlen, BigTip, and WhoToo, and, as stated *supra*, there is no evidence nor viable legal theory upon which Demandbase can be found to have assumed successor liability.

Plaintiffs' declaratory judgment request is based on the same allegations of improperly transferred "source code and platform" and the formation of WhoToo on BigTip's "dime" (Id., ¶ 93 at 15) – if Plaintiffs' fraudulent conveyance and unjust enrichment claims against Demandbase fail, their declaratory judgment request can fare no better.

Plaintiffs' Motion to Strike

Plaintiffs move to strike the declarations of three of Demandbase's witnesses, claiming that two of them (Hilts and Kellberg) were disclosed the day before discovery closed and a third (Golec) was never disclosed.

The Court does not find the motion meritorious. The names of the witnesses which Plaintiffs claim were disclosed at the last minute (in December 2017) were actually known to Plaintiffs (via deposition testimony) in March of 2017. (*See* Dkt. No. 134-5; Deposition of Rowlen at 13:12-16.) Defendants assert (and Plaintiffs do not dispute) that the name of the witness whom Plaintiffs claim was never disclosed was included in Defendants' Initial Disclosures in February of 2016. (Dkt. No. 190, Reply at 12.)

**Conclusion**

In the face of Demandbase's summary judgment challenge, Plaintiffs have failed to produce either evidence or a viable legal theory upon which to establish Demandbase's liability as successors-in-interest to WhoToo, or as an "initial transferee" of a fraudulent conveyance. That failure extends to Plaintiffs' remaining direct claims against Demandbase for unjust enrichment or a declaratory judgment. Accordingly, Demandbase' motion for summary judgment is GRANTED, and all claims against the company will be dismissed with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated: April 3, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge