UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL KANTOR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BIGTIP, INC., et al., <br><br> Defendants. | CASE NO. C15-1871 MJP <br><br> ORDER ON MOTIONS IN LIMINE |

The above-entitled Court, having received and reviewed:

1. Defendants BigTip, Inc., WhoToo Inc., Demandbase, Inc., and Matt Rowlen's Joint Motions in Limine (Dkt. No. 208) and Plaintiffs' Opposition to Defendants' Motions in Limine (Dkt. No. 214);

2. Plaintiffs' Motions in Limine (Dkt. No. 210) and Defendants BigTip, Inc., WhoToo Inc., Demandbase, Inc., and Matt Rowlen's Joint Response in Opposition to Plaintiffs' Motions in Limine (Dkt. No. 212);

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

Plaintiffs' Motions in Limine:

   A. Issue adverse jury instruction as a sanction for failure to produce email database: DENIED.

   B. Exclude non-party lay witnesses from courtroom until they have testified: DENIED.

   C. Exclude evidence about the Plaintiffs' finances and "accredited investor" status: DENIED.

   D. Exclude evidence about dismissed claims: GRANTED.

   E. Exclude evidence suggesting SLM was responsible for failure of BigTip: RESERVED FOR TRIAL.

   F. Exclude evidence about why SLM did not invest more than $400,000 in BigTip: GRANTED.

   G. Exclude witnesses disclosed in last two days of discovery, or not at all: RESERVED FOR TRIAL.

   H. Any ruling excluding testimony of Plaintiffs' expert should be applied to Defendants' expert also: DENIED.

Defendants' Motions in Limine:

   1. Exclude argument that BigTip ran out of money because of BigTip's management: DENIED.

   2. Exclude testimony and evidence beyond those plead by Plaintiffs: DENIED.

   3. Exclude testimony of Plaintiffs' expert Ms. Barrick: DENIED.

   4. Exclude speculative testimony about the disposition of any of BigTip's assets: DENIED.

   5. Exclude hearsay testimony about the operation, employees, or management of BigTip or WhoToo: DENIED.

6. Exclude testimony from Elisha Gilboa (SLM) or any other Plaintiff that Rowlen forged or otherwise improperly created or post-dated documents: DENIED.

7. Exclude any reference to Defendant Rowlen as a crook or a fraud: DENIED.

8. Exclude testimony/evidence about prior claims against BigTip, WhoToo, or Rowlen that were voluntarily resolved or are pending, including the Shannon employment matter and the Dun & Bradstreet contract dispute: GRANTED.

9. Exclude any references by Shannon to the web crawler program as "source code": DENIED.

10. No argument that Rowlen was motivated by fraud to start WhoToo: DENIED.

11. Exclude all references to insurance coverage for any entity: RESERVED FOR TRIAL.

The clerk is ordered to provide copies of this order to all counsel.

Dated: April 16, 2018.

*[signature]*

The Honorable Marsha J. Pechman
United States Senior District Court Judge